UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Civil No. 2:26-cv-_____

| | |
|---|---|
| MR. DOE and MS. ROE, individually and on behalf of JOHN DOE, | ) ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| FALMOUTH SCHOOL DEPARTMENT, | ) |
| | ) |
| Defendant | ) |

**MOTION TO PROCEED UNDER ALIASES AND TO SEAL CERTAIN DOCUMENTS, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves this Court to proceed in this case by using aliases in place of the true name of the Plaintiffs, Mr. Doe and Ms. Roe, and their child, John Doe.

Plaintiffs further move to submit a Declaration to the Court identifying the true names of the aliases referred to above, and petitions this Court to seal this Declaration, together with any other documents in the record which identify Plaintiffs, Mr. Doe, Ms. Roe, and/or their child, John Doe, by their true names.

In support of their Motion, Plaintiffs state as follows:

1. The Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, as incorporated into applicable Maine law and regulations by 20-A M.R.S.A. § 6001 and Maine Unified Special Education Regulations, ch. 101, Part XIV, prohibits the disclosure of identifiable information in a student's educational records to third parties without prior parental written consent, thereby permitting parents to maintain the confidentiality of this sensitive information.

2. Under FERPA and Maine law, "educational records" are defined to include records maintained by an educational agency or institution that contain information directly relating to a student. *See* 20 U.S.C. § 1232g(a)(4)(A); 34 C.F.R. § 99.3; Maine Unified Special Education Regulations, ch. 101, § XIV.2.

3. This action, which seeks judicial review of an administrative order issued pursuant to the Individuals with Disabilities Education Act ("IDEA"), necessarily refers to confidential information contained in John Doe's educational records. John Doe and his parents, serving as John's representatives, have the absolute right under FERPA and parallel Maine law to maintain the confidential nature of this information.

4. One accepted method of achieving this end is to proceed by referring to the student and parents using aliases. Under Local Rule 16.3(e)(3), this Court requires that a child with a disability in a case implicating the IDEA be referred to by initials only or a "J. Doe" alias. As the student involved in this case shares a surname with one of his parents, that parent also should be referred to using the "Doe" alias to avoid revealing his identity.

5. Plaintiffs therefore respectfully request that the Plaintiffs be referred to using the pseudonyms "Mr. Doe, Ms. Roe" and "John Doe" to protect their identities.

WHEREFORE, Plaintiffs, Mr. Doe and Ms. Roe, respectfully request the following relief:

    (a) to allow Plaintiffs to proceed in all of their pleadings and submissions to the Court by using the aliases, Mr. Doe, Ms. Roe and John Doe in place of their true names;

(b)   to allow Plaintiffs to reveal the true names of the aliases to the Court by submitting a Declaration signed by the attorney of record in this case for Plaintiffs, which Declaration shall be sealed by this Court; and

(c)   to seal all other documents of public record in this case which contain the true names of Mr. Doe, Ms. Roe and/or John Doe.

Dated:  April 10, 2026

/s/ Richard L. O'Meara
Richard L. O'Meara
MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651
*E-mail:  romeara@mpmlaw.com*